UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

RAYMOND PHILLIP WRITER )
)
v. ) NO. 2:09-CV-271
)
DAVID A. SEXTON, Warden[1] )

## MEMORANDUM OPINION

Proceeding *pro se*, Raymond Phillip Writer brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement under a state court judgment of conviction, (Doc. 2). As his sole ground for relief, petitioner claims that his Sixth Amendment jury-trial right was violated when his sentence was increased by a judge, based upon facts not found by a jury.

Respondent warden has filed an answer to the petition, arguing that the ground offered in petitioner's pleading has been procedurally defaulted and will not support the granting of the writ, (Doc. 7). To bolster his argument, respondent has filed copies of petitioner's state court record, (Doc. 8, Addenda A-R). The Court has reviewed the record and agrees with respondent that petitioner is not entitled to the writ.

---

[1] After the petition and answer were filed, David A. Sexton was appointed as the Warden of the state prison where petitioner is presently in custody and, therefore, has been substituted for former Warden Howard Carlton as the respondent. Tennessee Department of Correction Website, State Prisons, Biography of Warden David A. Sexton, http://www.tn.gov/correction/institutions/necx.html (Last visited Dec. 4, 2012).

## I. Procedural History

On October 11, 2000, a jury in the Criminal Court for Sullivan County, Tennessee, convicted petitioner of child rape. For this offense, the trial court sentenced him to serve twenty-five years at one hundred percent. Petitioner pursued direct review, but his claims were denied. *State v. Writer*, No. E2001-01062-CCA-R3-CD, 2003 WL 21339255 (Tenn. Crim. App. June 10, 2002), *perm. app. denied* (Tenn. 2003). Petitioner then filed a post-conviction petition, raising claims of ineffective assistance of counsel, but again he was denied relief. *Writer v. State*, No. E2006-00770-CCA-R3-PC, 2007 WL 763223 (Tenn. Crim. App. Mar. 14, 2007), *perm. app. denied*, (Tenn. 2007). Petitioner next applied for a state writ of habeas corpus, arguing that enhancement factors not found by a jury nor admitted by him were applied to his sentence, but he was equally unsuccessful in that endeavor. *Writer v. Carlton*, No. E2008-00127-CCA-R3-HC, 2009 WL 331341 (Tenn. Crim. App. Feb. 11, 2009), *perm. app. denied*, (Tenn. 2009). Petitioner now presents this instant federal habeas corpus application.

## II. Standard of Review

A state criminal defendant may obtain federal habeas relief if he can demonstrate that he is in custody pursuant to the judgment of a state court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Proceedings in the United States Districts Courts, the Court is to determine, after a review of the entire record whether an evidentiary hearing is required. If a hearing is not required, the district judge may dispose of the case as justice dictates.

2

After carefully reviewing the entire record, the Court finds it unnecessary to hold an evidentiary hearing.

### III. Factual Background

The recitation of facts is taken from the state court opinion on direct review. *See State v. Writer*, 2003 WL 21339255, *1-*2 (Tenn. Crim. App. June 10, 2003). According to the proof presented at trial, the then four-year-and eleven-month-old male victim enjoyed a close relationship with petitioner, whom he called "grandpa," and he frequently visited and spent weekend nights with his grandmother, who was petitioner's long time live-in girlfriend.

On March 20, 1998, the victim was taken to a pediatrician for a pre-kindergarten examination, during which the victim's mother asked for advice on cleaning her son's un-circumcised penis. She was told to pull the foreskin slowly back to facilitate cleaning. Later, when she used this cleansing technique on the child's penis, the victim exclaimed, "Don't do what grandpa does," and explained what his grandfather had done to him. His mother scheduled an emergency appointment with the pediatrician.

During the appointment, the victim was questioned by the doctor. The child responded that he had been in the bathroom of his grandparents' house when his grandfather placed his "big" penis inside the victim's "bottom," meaning his rectum; that he had seen "poop" on petitioner's penis after penetration; and that the experience had felt as if his 'butt were exploding." The specialist conducted a physical examination, which showed an abnormality in the child's outer rectal muscle (i.e., that it opened easily) and rectal scar

tissue, which indicated trauma over an extended period. Upon completion of the exam, the pediatrician contacted the Department of Children Services ("DCS").

A DCS case worker interviewed the victim and referred the case to another pediatrician, who conducted an examination and found scar tissue in the rectal area, indicating penetration, and flattened out folds in the rectal muscles. The victim told the second pediatrician that petitioner had put his "pee pee" in the victim's "butt," (referring, respectively, to a penis and the buttocks area). There followed petitioner's trial and conviction.

### IV. Discussion

**A.** *The Law*

Under 28 U.S.C. § 2254(b) (1), a state prisoner's petition for a writ of habeas corpus will not be granted unless he has exhausted his available state court remedies. Exhaustion requires that a petitioner fairly present his federal claim first to the state courts, in a procedural context where a merits review is likely. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). A petitioner who has failed in this regard and who is now barred by a state procedural rule from returning with his claim to those courts, has met the technical requirements of exhaustion (i.e. there are no state remedies left to exhaust) and is deemed to have exhausted his state remedies, but to have done so by way of a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A petitioner who has actually presented his federal claim to the state courts, which have declined to address it due to his failure to meet a state procedural requirement, has committed a procedural default as well. *See, e.g.,*

4

*Murray v. Carrier*, 477 U.S. 478 (1986) (failure to raise claim on appeal); *Reed v. Ross,* 468 U.S. 1 (1984) (same).

For any procedural default, federal review is foreclosed, unless the habeas petitioner can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Coleman,* 501 U.S. at 732. A procedural default will also be overlooked where a petitioner can demonstrate that the failure to review his claim will result in a fundamental miscarriage of justice. *Id.* at 757

**B.** *Analysis*

Petitioner alleges that he was denied his federal constitutional rights to a jury trial when he was given the maximum sentence possible based solely on judicial fact finding. In support, he cites to *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *Cunningham v. California*, 549 U.S. 270 (2007). *Apprendi* holds that, with the exception of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be found by a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court applied *Apprendi* to Washington state's sentencing law. Finally, in *Cunningham*, it found that the middle term in California's determinant sentencing scheme was the statutory maximum for *Apprendi*-purposes and that any fact which permitted an upper term sentence must be found beyond a reasonable doubt by a jury.

Respondent suggests that petitioner procedurally defaulted the claim by failing to provide the Tennessee courts with an opportunity to correct the asserted constitutional

5

violation. The type of procedural default asserted is that petitioner failed to raise his claim in a state court forum wherein the merits of the claim could be addressed and relief provided.

When petitioner offered his claim in his state habeas corpus petition, the trial court dismissed the case, after finding that he had not alleged a ground upon which habeas corpus relief could be granted since he had failed to present anything which would render his sentence void or to show that his sentence had expired. *Writer*, 2009 WL 331341, at *1. Petitioner then carried his claim to the Tennessee Court of Criminal Appeals, contending that *Apprendi* had been decided prior to his conviction, that his *Apprendi*-based claim was not retrospectively barred, and that he could not be faulted for failing to raise his claim prior to *Blakely*, (Doc. 8, Addendum O, Pet'r Br. on App. of Den. of Hab. Pet., at 1). The State responded by filing a motion to affirm the trial court's decision under Rule 20, Rules of the Court of Criminal Appeals.[2]

In the order disposing of the state habeas corpus appeal, the Court of Criminal Appeals stated:

> Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. However, [s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired. In other words, habeas corpus relief may be sought only when the

---

[2] Rule 20 permits a trial court's judgment, under certain circumstances, to be affirmed by order, rather than by a formal opinion, when, *inter alia*, "no error of law requiring a reversal of the judgment . . . is apparent on the record." *See* Ct. of Crim. App. Rule 20.

> judgment is void, not merely voidable. A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired. We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal.
>
> The petitioner's sole complaint is that his sentence, as imposed, violates *Blakely*. However, this court has repeatedly stated that *Blakely* does not apply retroactively to cases on collateral appeal. The petitioner is not entitled to relief on this issue.

*Id*., 2009 WL 331341, at *1-*2 (all internal citations and quotation marks omitted).

The Court of Criminal Appeals discussed, in its order, the limited availability of state habeas corpus relief, explaining that relief was circumscribed to those petitioners who could show that their judgment was void, not merely voidable, or that their sentence had expired. The state appellate court held that the petition had been properly dismissed in the trial court and it too dismissed the case, after granting the State's motion and pointing out that petitioner bore the burden of proving, by a preponderance, that his sentence is void or his confinement illegal. The Court of Criminal Appeals did not expressly hold that the claim was not cognizable under Tennessee's habeas corpus law, but it did not review the merits of the *Apprendi/Blakely/Cunningham* claim.

The fact that the Court of Criminal Appeals did not "clearly and expressly" state that petitioner's claim was not cognizable under Tennessee's habeas corpus law is not determinative of whether a procedural default has occurred. *See Coleman v. Thompson*, 501 U.S. 722, 739 (1991) ("[W]e have no power to tell state courts how they must write their

7

opinions. We encourage state courts to express plainly, in every decision potentially subject to federal review, the grounds upon which their judgments rest, but we will not impose on state courts the responsibility for using particular language in every case in which a state prisoner presents a federal claim . . . ."). What is significant is that the Supreme Court teaches that "once [a] federal claim has been *fairly presented* to the state courts, the exhaustion requirement is satisfied." *Castille*, 489 U.S. at 351 (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). However, a claim has not been fairly presented to the state courts "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered." *Id*.

This is what happened in petitioner's case. In Tennessee, because "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments, [a] petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citations omitted). An alleged violation of *Apprendi*, *Blakely*, or *Cunningham*, which would render a judgment voidable, but not void, is not a cognizable state habeas corpus claim. *Murff v. State*, 2011 WL 3849635, *2 (Tenn. Crim. App. Aug. 31, 2011) ("A claim of an erroneously enhanced sentence based upon the holdings of *Blakely* . . . and its progeny, which includes *Apprendi* . . . , would render the judgment voidable if proven, not void and, therefore, is not cognizable in a habeas corpus case."); *Meeks v. Bell*, 2007 WL 4116486, *7 (Tenn. Crim. App. Nov. 13, 2007) ("[W]e find nothing in the *Cunningham*, *Apprendi*, or *Blakely* decisions which would expand Petitioner's right under Tennessee's habeas corpus procedure to attack a

8

judgment which is merely voidable but not void on its face."), *perm. app. denied*, (Tenn. 2008).

Petitioner presented his sentence enhancement claim for the first time in a state habeas corpus proceeding, though this avenue of relief "is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Writer*, 2009 WL 331341, at *1. As the state courts have held, an *Apprendi* violation if proven would render the judgment voidable, but not void. Petitioner's "[r]aising the claim in such a fashion does not . . . constitute "fair presentation." *Castille*, 489 U.S. at 351. Thus, by failing to offer his *Apprendi*-based claim in a state forum where it was likely to be considered on the merits, petitioner did not satisfy the "fair presentation" requirement for exhaustion purposes. *Black v. Ashley*, 1996 WL 266421, *1 (6th Cir. May 17, 1996) ("The fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of the merits unlikely.")

There are no available state remedies remaining for the *Apprendi* claim, given the one-year statute of limitations and the one-petition rule which apply to post-conviction petitions in Tennessee. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, this claim has been technically exhausted, but procedurally barred. *Castille*, 489 U.S. at 351-52 ("The requisite exhaustion may nonetheless exist, of course, if it is clear that respondent's claims are now procedurally barred under [state] law.").

To obtain federal review, petitioner now must show cause and prejudice for his failure to raise his *Apprendi/Blakely/Cunningham* claim in a timely manner in a proper forum. Petitioner suggests that "the *Apprendi* holding should have had an effect on his sentence," though no one involved in his trial, including his attorney, the trial judge, the district attorney, the Tennessee Attorney General, and the Tennessee appellate courts, "did a thing to protect his rights," (Doc. 2, Pet. at 6).

To the extent that petitioner is alleging, as cause, that his trial attorney failed to raise his federal claim in the state courts, thereby, giving him ineffective assistance, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486-487 (1986). This, in essence is all that petitioner is alleging—that counsel simply did not raise, or perhaps even recognize, the *Apprendi* claim.

Moreover, a claim of ineffective assistance that is raised as cause to excuse a procedural default can itself be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). This means that petitioner would have had to make the same allegation of attorney error in the state court as an independent ineffective-assistance claim. The Court has reviewed petitioner's brief submitted during his post-conviction appeal in the Court of Criminal Appeals and does not find that he raised any such a claim. Accordingly, petitioner has procedurally defaulted his claim of cause and cannot obtain federal habeas corpus review.

Finally, petitioner argues that the retroactivity doctrine in *Teague v. Lane*, 489 U.S. 288 (1989) does not bar his claim since *Apprendi* was decided on June 26, 2000, before his conviction and sentencing.[3] The Court of Criminal Appeals also ruled in the state habeas corpus appeal that *Blakely* and *Cunningham* did not apply to cases on collateral review, citing to state court cases which discussed *Teague*'s retroactivity rule. Petitioner's argument seemingly relates to this alternative ruling. The Court is not persuaded by petitioner's argument because "[p]rocedural default rules are not trumped by the retroactivity of later decided cases" and because petitioner's inability to show cause renders the retroactivity issue immaterial. *Cvijetinovic v. Eberlin*, 617 F.3d 833, 837 n.3 (6th Cir. 2010) (citations omitted).

## V. Conclusion

Petitioner's unexcused procedural default forecloses federal habeas corpus review of his *Appendi* claim and calls for the dismissal of his § 2254 petition.

## VI. Certificate of Appealability

The Court must now decide whether to grant a Certificate of Appealability ("COA") because an appeal may not be taken from a final order in a § 2254 case unless a "COA" is issued. 28 U.S.C. § 2253(c)(1)(B). To grant a COA, court must find a substantial showing of the denial of a constitutional right. *Id*. at § 2253(c)(2). When a claim has been dismissed on a procedural basis, a petitioner makes a substantial showing by demonstrating

---

[3] *Teague* holds that, generally, new constitutional rules of criminal procedure do not apply to cases which have become final before the new rules are announced. *Id*. at 310. *Apprendi* was decided prior to petitioner's conviction and sentencing, whereas *Blakely* and *Cunningham* were issued after petitioner's conviction became final on direct appeal.

11

that reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has assessed the claim under the above standards and will not issue a COA because, regardless of whether petitioner's claim is viable,  reasonable jurists would not debate the correctness of the Court's procedural ruling.

A separate order will enter.

ENTER:

<pre>
                          s/J. RONNIE GREER
                     UNITED STATES DISTRICT JUDGE
</pre>